UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL TIMOTHY SYLVESTER,                    Case No. 12-13239

               Plaintiff,                    Victoria A. Roberts
v.                                          United States District Judge

COMMISSIONER OF SOCIAL SECURITY,            Michael Hluchaniuk
                                            United States Magistrate Judge

               Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS MOTIONS FOR SUMMARY JUDGMENT (Dkt. 9, 14)**

## I.     PROCEDURAL HISTORY

### A.     Proceedings in this Court

On July 24, 2012, plaintiff Daniel Timothy Sylvester filed the instant suit

seeking judicial review of the Commissioner's unfavorable decision disallowing

benefits.  (Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

72.1(b)(3), District Judge Victoria A. Roberts referred this matter to the

undersigned for the purpose of reviewing the Commissioner's decision denying

plaintiff's claim for a period of disability, disability insurance, and supplemental

security income benefits.  (Dkt. 3).  This matter is before the Court on cross-

motions for summary judgment.  (Dkt. 9, 14).

### B.     Administrative Proceedings

Plaintiff initially filed applications for a period of disability, disability

insurance benefits, and supplemental security income on May 13, 2005, alleging disability beginning July 6, 2002. (Dkt. 8-2, Pg ID 30). On April 12, 2007, Administrative Law Judge ("ALJ") Jerome Blum awarded a closed period of benefits beginning on July 6, 2002 and ending March 21, 2006. (Dkt. 8-3, Pg ID 63-69). ALJ Blum found medical improvement by March 21, 2006, and plaintiff's disability benefits terminated. (*Id.*).

Plaintiff subsequently filed the instant claims for disability insurance benefits and supplemental security income on January 28, 2008. (Dkt. 8-5, Pg ID 127-34). The claim was initially disapproved by the Commissioner on May 23, 2008. (Dkt. 8-3, Pg ID 75-76). Plaintiff requested a hearing and on August 19, 2010, plaintiff appeared with counsel before ALJ David K. Gatto, who considered the case *de novo*. (Dkt. 8-2, Pg ID 43-61). In a decision dated August 26, 2010, the ALJ found that plaintiff was not disabled. (Dkt. 8-2, Pg ID 27-39). Plaintiff requested a review of this decision on November 1, 2010. (Dkt. 8-2, Pg ID 20). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits (Dkt. 8-2, Pg ID 22-23),[1] the Appeals Council, on

---

[1]In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of

June 2, 2012, denied plaintiff's request for review.  (Dkt. 8-2, Pg ID 19-21);

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for

summary judgment be **GRANTED**, and that the findings of the Commissioner be

**AFFIRMED**.

## II.     FACTUAL BACKGROUND

### A.     ALJ Findings

Plaintiff was 20 years old on the alleged disability onset date, and 28 years

of age at the time of the most recent administrative hearing.  (Dkt. 8-2, Pg ID 37).

Plaintiff's relevant work history included work as a customer service clerk and

cook.  (Dkt. 8-6, Pg ID 175).  In denying plaintiff's claims, defendant

Commissioner considered status post multiple surgeries to right knee/leg; status

post right knee osteotomy; complex regional pain syndrome; and status post

multiple fractures secondary to motor vehicle accident with chronic lower

extremity pain, as possible bases of disability.  (Dkt. 8-2, Pg ID 33).

The ALJ applied the five-step disability analysis to plaintiff's claim and

found at step one that plaintiff had not engaged in substantial gainful activity since

the Commissioner, the court can consider only that evidence presented to the ALJ.
In other words, Appeals Council evidence may not be considered for the purpose
of substantial evidence review.

April 12, 2007.  (Dkt. 8-2, Pg ID 33).  At step two, the ALJ found that plaintiff's

status post multiple surgeries to right knee/leg; status post right knee osteotomy;

complex regional pain syndrome; and status post multiple fractures secondary to

motor vehicle accident with chronic lower extremity pain were "severe" within the

meaning of the second sequential step.  (*Id.*).  At step three, the ALJ found no

evidence that plaintiff's combination of impairments met or equaled one of the

listings in the regulations.  (Dkt. 8-2, PG ID 33-34).  The ALJ found that plaintiff

had the residual functional capacity to perform the full range of sedentary work.

(Dkt. 8-2, Pg ID 34-37).  At the fourth step of the sequential analysis, the ALJ

found that plaintiff could not perform his previous work as a customer service

clerk or cook. (Dkt. 8-2, Pg ID 37).  At step five, the ALJ denied plaintiff benefits

because plaintiff could perform a significant number of jobs available in the

national economy.  (Dkt. 8-2, Pg ID 38-39).

### B.    Plaintiff's Claims of Error

Plaintiff asserts three claims of error.  Plaintiff first argues that the ALJ

failed to give proper deference to the plaintiffs' treating physician's records and

opinions, and gave undue weight to a non-treating and consultative examination.

According to plaintiff, his contention of a severe disabling condition is supported

by his treating physicians' records, and specifically by Dr. Marc I. Wittenberg,

who plaintiff claims treated "the Complex Regional Pain Disorder which by it's

4

[sic] nature is difficult to diagnose." (Dkt. 9, Pg ID 804). Plaintiff reports that he relies on March 2008 through June 2010 treatment notes from Dr. Wittenberg indicating "severe ongoing problems with the right lower extremity," the prescription of a TENS unit, multiple epidural injections and physical therapy, as well as an August 26, 2010 opinion issued by Dr. Wittenberg contesting the ALJ's reliance on the opinions of the state agency consulting and reviewing physicians. (Dkt. 9, Pg ID 798, 804). According to plaintiff, Dr. Wittenberg gave plaintiff a "poor" prognosis, stated his ability to concentrate was impacted "frequently to constantly," and opined that plaintiff could sit for 45 minutes, stand for 10 minutes and walk about "one block," had limited ability to "look down, turn head and look up," and would need to take unscheduled breaks. (Dkt. 8-10, Pg ID 780-87).

Plaintiff argues that the ALJ erred in giving "great weight" to the opinions of Dr. William Joh, a state agency record reviewing physician, and Dr. R. Patel, a one-time consultative examiner. Dr. Patel performed a consultative examination of plaintiff in March 2008. (Dkt. 8-7, Pg ID 232-40). Dr. Patel observed that plaintiff walked with a cane and had a normal gait with the cane, but refused to walk without the cane for purposes of the examination. (*Id.*) Plaintiff was able to get up from the chair and go to the table without assistance, straight leg raising was negative, plaintiff could walk on his heels and toes and squat and arise from a squatting position completely. (*Id.*). Dr. Patel observed no localized tenderness,

redness or swelling of plaintiff's right knee, no crepitation during active or passive movements, and a range of motion within normal limits. (*Id.*). Dr. Patel similarly observed no localized tenderness, redness or swelling of plaintiff's right femur and no evidence of mal-union or non-union of the bone. (*Id.*). Examination of plaintiff's hips was unremarkable, and plaintiff had intact sensation, normal motor strength rated at 5/5 in his arms and legs, good muscle tone, and normal reflexes. (*Id.*). Dr. Patel concluded that plaintiff is over-reacting for the pain and seems to be malingering. (*Id.*). Dr. Joh reviewed plaintiff's medical records and completed a Physical Residual Functional Capacity Assessment form for plaintiff in May 2008 in which he concluded that plaintiff was capable of a full range of sedentary level work. (Dkt. 8-7, Pg ID 245-52). Plaintiff argues that Dr. Patel's opinion directly contradicts the treatment notes of the treating physicians setting forth chronic pain and symptoms consistent with sympathetic pain disorder with restrictions much greater than stated by Dr. Patel. In addition, plaintiff contends that the ALJ erred in not referring to an April 18, 2008 letter he wrote to the Commissioner complaining of Dr. Patel's consultative examination.

As to his second claim of error, plaintiff argues that the ALJ made impermissible credibility findings and failed to give proper weight to plaintiff's complaints of disabling pain. According to plaintiff, his testimony at the hearing was consistent with the information he provided his doctors and explains his

6

functional limitations.  Plaintiff contends the ALJ failed to clearly articulate his dismissal of plaintiff's contention of disabling pain, which included medical records detailing discoloration of skin, temperature differentials and sensitivity and lower extremity dysfunction.  Further, plaintiff testified to needing to take heavy narcotic medications due to the severity of the pain.

Finally, plaintiff argues for his third claim of error that he is entitled to a sentence six remand for consideration of Dr. Wittenberg's opinion submitted after the ALJ rendered his decision in this case.  As explained above, plaintiff submitted a physical residual functional capacity assessment form completed by Dr. Wittenberg and dated August 26, 2010.  (Dkt. 8-10, Pg ID 780-87).  According to plaintiff, Dr. Wittenberg set forth restrictions which preclude competitive employment, and his opinion is fully supported by the record evidence.  Plaintiff argues that this evidence is new and material to the disability determination, especially considering the ALJ's summary dismissal of the reflex sympathetic pain disorder, and the opinion is that of an expert in pain-related issues who provided long term treatment of plaintiff and has opinions of the restrictions caused by the Complex Regional Pain Disorder that was not properly considered in Dr. Patel's consultative examination or Dr. Joh's record review.

### C.      Commissioner's Motion for Summary Judgment

The Commissioner argues that the ALJ reasonably weighed the opinion

evidence in reaching his decision that plaintiff was capable of sedentary level work, and properly gave great weight to the opinions of Drs. Patel and Joh in reaching that decision.  The Commissioner explained that following Dr. Patel's examination of plaintiff, Dr. Patel diagnosed plaintiff with a right humerus fracture that completely healed and pain in his right knee, but found that plaintiff was over-reacting for the pain and seems to be malingering.  (Dkt. 8-7, Pg ID 232-35).  Dr. Patel further found no localized tenderness, redness or swelling of plaintiff's right knee, no joint effusion or deformity, no crepitation, and range of motion within normal limits, and opined that plaintiff's use of a cane is not medically necessary for ambulation.  (*Id.*)   Based on his physical examination of plaintiff, Dr. Patel concluded that plaintiff was capable of performing all of the listed orthopedic maneuvers, including, standing, bending, stooping, squatting, and climbing stairs. (Dkt. 8-7, Pg ID 238).  The Commissioner contends that Dr. Joh opined that plaintiff was capable of a full range of sedentary level work, (Dkt. 8-7, Pg ID 245-52), and that the ALJ reasonably relied on Dr. Joh's opinion because he is a highly qualified expert.  *See* 20 C.F.R. § 404.1527(f)(2)(I) (state agency physicians are highly qualified expert in Social Security disability evaluation); Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2 (same).

The Commissioner argues that Drs. Patel and Joh's opinions merit great weight because they are consistent with each other and with the record evidence.

8

Physical therapy records revealed that plaintiff had little to no difficulty sitting, moving from sit to stand, bending, lifting, and engaging in his "usual hobbies, recreational or sporting activities," and little to moderate difficulty standing, walking short distances, walking on uneven ground, and performing light activities around his house.  (Dkt. 8-10, Pg ID 746).  Further, plaintiff insisted on walking with two canes, despite recommendations that he walk with one or not use a cane at all.  (Dkt. 8-10, Pg ID 714-15).  And, at the conclusion of physical therapy, plaintiff reported that his pain had improved and rated his pain at two on a ten-point scale, he was capable of leg balance for more than 30 seconds, was able to ambulate safely with no or one cane (but still insists on using two), increased his leg strength to 4+/5 and had increased range of motion to 0 to 141 degrees.  (Dkt. 8-10, Pg ID 767).  The Commissioner contends that these findings are consistent with the opinions of Drs. Patel and Joh.

The Commissioner further argues that, contrary to plaintiff's assertion that Dr. Wittenberg treated plaintiff for "Complex Regional Pain Disorder," Dr. Wittenberg found in 2008 and 2009 that plaintiff's symptoms were inconsistent with complex regional pain disorder.  (Dkt. 8-7, Pg ID 315, 381).  The Commissioner further points out that Dr. Wittenberg's August 2010 "opinion" was not before the ALJ when he issued his decision, and thus it cannot be considered in reviewing his decision, because a reviewing court may only remand a case for

9

consideration of later submitted evidence under certain circumstances, but cannot use the later submitted evidence to assess the ALJ's decision. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). And, although plaintiff claims in his motion that Dr. Wittenberg's treatment notes support his allegations of chronic disabling pain, plaintiff fails to cite to any actual treatment notes. In any event, plaintiff repeatedly told Dr. Wittenberg that his pain relief was adequate and good (*see, e.g.*, Dkt. 8-7, Pg ID 241, 269, 277, 293, 297, 302, 305, 313), or fair (*see, e.g.*, Dkt. 8-7, Pg ID 273, 281, 289, 302, 305, 313). Thus, the Commissioner concludes, the ALJ made a reasoned and reasonable decision based on substantial evidence, and his decision should be affirmed.

The Commissioner also argues that the ALJ reasonably weighed the medical evidence and found plaintiff's allegations were not fully credible. The ALJ agreed that plaintiff had significant limitations, but not any more than provided by his residual functional capacity assessment limiting plaintiff to sedentary work. According to the Commissioner, the ALJ properly noted inconsistencies with plaintiff's testimony and the record evidence. Plaintiff alleged side effects from his medications, including drowsiness, difficulty focusing, and digestive problems, but contemporaneous treatment records reflected that plaintiff consistently reported that he did not feel abnormal or impaired on his medication. (Dkt. 8-7, Pg ID 264, 269, 271, 273, 277, 279, 281, 283, 285, 287, 289, 291, 293, 295, 297, 302, 305,

307, 309, 313).  Further, the ALJ properly noted that plaintiff's allegations of disabling pain are inconsistent with his statements that his pain relief was good and adequate, and that he rated his pain with medication at three to four on a ten-point scale.  (Dkt. 8-7, Pg ID 279).  And, plaintiff's testimony concerning his need to use a cane, or multiple canes, and that he could only walk for ten to fifteen minutes, was inconsistent with Drs. Joh and Patel's and a physical therapist's findings that plaintiff was capable of walking unassisted.  (Dkt. 8-2, Pg ID 53, 55; Dkt. 8-10, Pg ID 714-15, 767).  Plaintiff's testimony concerning his functional limitations (i.e., sitting no more than 30 minutes) were overstated and inconsistent with contemporaneous physical therapy notes that showed he had little to no difficulty sitting, walking on uneven ground, walking short distances, performing light activities, lifting objects, and rising from a sitting to standing position.  (Dkt. 8-10, Pg ID 746).

According to the Commissioner, the ALJ also properly found that plaintiff's allegations of disabling functional limitations were unsupported by the medical evidence.  The ALJ relied on the examination findings of Dr. Patel, which revealed that plaintiff's leg fractures had completely healed, his right knee showed no joint tenderness, redness or swelling, joint effusion, or instability, and had a normal range of motion.  (Dkt. 8-7, Pg ID 233-34).  Plaintiff was able to perform tandem, heel and toe walking well, his gait was steady with a cane, he had normal reflexes,

good muscle tone, and was able to squat and get back up.  (*Id.*).  The Commissioner argues that while plaintiff may disagree with the ALJ's credibility assessment, he has failed to demonstrate a basis for overturning the finding, especially in light of the great weight and deference owed to an ALJ's credibility finding on review.

Finally, the Commissioner argues that a sentence six remand is not warranted for consideration of the opinion evidence from Dr. Wittenberg that plaintiff submitted after the ALJ rendered his decision here.  Plaintiff bears the burden of showing that remand is proper by proving that the later submitted evidence is both (1) new and (2) material, and (3) that he has good cause for his failure to incorporate such evidence into the record in a prior proceeding.  *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991).  The Commissioner contends that Dr. Wittenberg's opinion evidence is not "new" because plaintiff treated with Dr. Wittenberg on a frequent basis in the months leading up to the August 2010 hearing, and thus Dr. Wittenberg's opinion was certainly available to plaintiff.  And, plaintiff offers no explanation why the opinion evidence was not obtained prior to the hearing and thus cannot demonstrate "good cause" for his failure to incorporate this evidence into the record before the hearing.  *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 485 (6th Cir. 2006) ("A claimant shows good cause by demonstrating a

12

reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ.").

The Commissioner further argues that plaintiff has failed to prove that Dr. Wittenberg's opinion evidence was "material" because he failed to show that there was a reasonable probability that the Commissioner would have reached a different conclusion on the issue of disability based on Dr. Wittenberg's opinion. Dr. Wittenberg diagnosed plaintiff with right knee pain and identified the "clinical findings and objective signs" in support of that diagnosis as "severe pain of [right] knee." (Dkt. 8-10, Pg ID 780-87). He found that plaintiff's medications did not cause any side effects, his pain would interfere with attention and concentration frequently or constantly, he could walk "maybe one" city block, sit for 45 minutes, stand for 10 minutes at one time, needs to change position and take unscheduled breaks during an eight-hour workday, must use a cane when standing/walking, and could lift and carry 10 to 20 pounds. (*Id.*). Dr. Wittenberg indicated that plaintiff could never stoop (bend), crouch/squat, climb ladders, or climb stairs, and was occasionally limited in his ability to look down, turn his head right or left, look up, hold his head in a static position, and twist. (*Id.*). According to the Commissioner, Dr. Wittenberg's opinion would not have changed the ALJ's mind because the ALJ addressed plaintiff's claims of disabling pain using treatment notes from Dr. Wittenberg and noted that plaintiff frequently told Dr. Wittenberg that he received

13

good and adequate pain relief with medication.  (Dkt. 8-2, Pg ID 34, citing *e.g.,* Dkt. 8-7, Pg ID 264, 269, 277, 283).  According to the Commissioner, the ALJ's decision is consistent with Dr. Wittenberg's finding that plaintiff's medication did not cause any side effects.  (Dkt. 8-2, Pg ID 34).  Dr. Wittenberg's opinion regarding plaintiff's ability to pay attention and concentrate are inconsistent with plaintiff's responses in his disability function report in which he stated that he "always can" pay attention.  (Dkt. 8-6, Pg ID 194).  And, Dr. Wittenberg offers no explanation for why plaintiff's knee pain would result in limitations in his ability to move his head.  Finally, contrary to plaintiff's assertion that Dr. Wittenberg diagnosed him with Complex Regional Pain Disorder, Dr. Wittenberg's treatment notes actually reveal that he found plaintiff's symptomology inconsistent with complex regional pain disorder.  (Dkt. 8-7, Pg ID 315, 381).  Thus, the Commissioner concludes, plaintiff failed to meet his burden of satisfying the requirements for a sentence six remand, and the ALJ's decision should be affirmed.

### D.    Plaintiff's Reply Brief

Plaintiff argues in response to the Commissioner's motion for summary judgment that the ALJ improperly gave great weight to the consultative physicians' opinions despite no evidence that they had any experience with Complex Regional Pain Disorder.  Further, plaintiff immediately questioned the conduct of Dr. Patel's consultative examination of him in an April 18, 2008 letter.  Plaintiff also argues

14

that a sentence six remand is warranted because the ALJ did not properly consider the Complex Regional Pain Syndrome condition, and instead gave unsupported weight to non-treating consultative examiners who did not have sufficient expertise. Finally, according to plaintiff, the ALJ failed to follow SSR 96-7, which requires the ALJ to set for specific reasons for his credibility finding, supported by the record evidence.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions

absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence.").  "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion

16

about an individual's credibility.'"  *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion."  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts."  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight.  *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of

17

appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

### B.    Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq.*). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.
>
> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without further
> analysis.
>
> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is expected
> to last for at least twelve months, and the severe
> impairment meets or equals one of the impairments listed
> in the regulations, the claimant is conclusively presumed
> to be disabled regardless of age, education or work
> experience.
>
> Step Four:  If the claimant is able to perform his or her
> past relevant work, benefits are denied without further

analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

## C.    Analysis and Conclusions

### 1.    The ALJ reasonably weighed the opinion evidence

Plaintiff argues that the ALJ failed to give proper deference to his treating physicians' records and opinions and instead improperly gave undue weight to a non-treating consultative examiner's opinions in finding that plaintiff was capable of performing work at the sedentary level.  Greater deference is generally given to the opinions of treating medical sources than to the opinions of non-treating medical sources.  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir.2007). "Closely associated with the treating physician rule, the regulations require the ALJ to 'always give good reasons in [the] notice of determination or decision for the weight' given to the claimant's treating source's opinion."  *Id*. at 406, citing § 404.1527(d)(2).  Indeed, SSR 82-62 requires that "[t]he explanation of the decision must describe the weight attributed the pertinent medical and non-medical factors in the case and reconcile any significant inconsistencies.  Reasonable inferences may be drawn, but presumptions, speculations and suppositions must not be used."  Moreover, if the ALJ determines that plaintiff's treating physicians' opinions should not be given controlling weight despite the medical evidence in

support, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009).

In this case, the ALJ gave sufficiently good reasons for giving great weight to the opinions of Drs. Joh and Patel, the two state agency physicians who submitted opinions concerning plaintiff's functional capabilities for the relevant period. Dr. Joh opined that plaintiff could lift and carry 10 pounds occasionally and less than 10 pounds frequently, stand/walk about two hours and sit for about six hours in an eight-hour workday. (Dkt. 8-7, Pg ID 245-52). Dr. Patel conducted a consultative examination of plaintiff and diagnosed plaintiff with status post right humerus fracture six years ago, completely healed without any evidence of mal-union or non-union of the bone noted, pain in the right knee joint with no localized tenderness, redness or swelling, no joint effusion or deformity, no crepitation or instability, and normal range of motion. (Dkt. 8-7, Pg ID 232-40). Sensation was intact, reflexes normal, strength was 5/5 in all extremities, and plaintiff had a steady gate with the cane and could tandem walk, heel-walk and toe-walk well. (*Id.*). Dr. Patel opined that plaintiff "is over-reacting for the pain and seems to be malingering," and that "[t]he cane is not medically necessary for ambulation."

22

(*Id.*).

No treating physician rendered an opinion regarding plaintiff's functional limitations,[2] and the ALJ explained that Drs. Joh and Patel's opinions are consistent with each other and with the record when viewed in its entirety, and not inconsistent with the other medical source opinions in the record.  (Dkt. 8-2, Pg ID 35-37).  State agency doctors are "highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act."  *See* 20 C.F.R. §§ 404.1527(e)(2)(I), 416.927(e)(2)(I).  "In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources."  Social Security Ruling 96-6p, 1996 WL 374180, at *3 (1996); *see also Blakley*, 581 F.3d at 409 ("Certainly, the ALJ's decision to accord greater weight to state agency physicians over Blakley's treating sources was not, by itself, reversible error."); *Callahan v. Sec'y of Health & Human Servs.*, 1990 WL 18060, at *2 (6th Cir. Mar. 1, 1990) ("The conclusions of an independent medical advisor provide medical support for the ALJ's

---

[2]As discussed below, plaintiff submitted an opinion by Dr. Wittenberg as to plaintiff's functional capability after the ALJ rendered his decision.  Because the decision was not before the ALJ, the undersigned cannot consider it for purposes of determining whether the ALJ's decision is supported by substantial evidence.  *See Cotton*, 2 F.3d at 696; *Cline*, 96 F.3d at 148.  That opinion will be discussed *infra* on plaintiff's motion for remand under sentence six of section 405(g).

determinations.").  Plaintiff claims that Dr. Patel's opinion directly contradicts the treatment notes of treating physicians, but fails to support that claim with reference to any record evidence.  The physical therapists' notes indicated that plaintiff had no difficulty in sitting, walking on uneven ground or bending and little difficulty standing, walking short distances, performing light activities, lifting objects and rising from a sitting to standing position.  (Dkt. 8-10, Pg ID 746).  Plaintiff insisted on walking with two canes, despite recommendations to walk with one or no cane at all.  (Dkt. 8-10, Pg ID 714-15, 767).  Plaintiff had increased strength to 4+/5 for quadriceps and hamstrings, could balance on one leg, was independent in his home exercise program, and was able to manage his pain with an improved subjective report of two on a ten-point scale.  (Dkt. 8-10, Pg ID 767).

Further, contrary to plaintiff's claim that Dr. Wittenberg supports his allegations of disabling pain, the record reveals that Dr. Wittenberg found plaintiff's symptoms inconsistent with complex regional pain disorder.  (Dkt. 8-7, Pg ID 315, 381).  Dr. Wittenberg noted that plaintiff had an antalgic gait using a cane bilaterally, and consistently noted that plaintiff reported his pain relief as adequate, good and/or fair, that his pain mediation did not make him feel abnormal or impaired, plaintiff could perform some housework, and his knee showed no or mild allodynia.  (Dkt. 8-7, Pg ID 264-369).  As the ALJ noted, this evidence is not inconsistent with his findings that plaintiff was capable of performing sedentary

24

level work.  The ALJ's finding that plaintiff was limited to sedentary level work is not inconsequential.  Under the Social Security regulations, "'sedentary work' represents a *significantly restricted range of work*.  Individuals who are limited to no more than sedentary work by their medical impairments have *very serious functional limitations*."  SSR 96-9p, 1996 WL 374185, at *3 (1996) (emphasis added).  The ALJ thoroughly discussed the record evidence, including records from Dr. Gregory Nowinsky, Dr. Matthew J. Siskosky, and Dr. John Traylor, as well as physical therapy notes generally noting no swelling of plaintiff's right knee, normal range of motion, no overt instability, no significant muscle atrophy, negative straight leg raising, strength at 5/5, and a slightly antalgic gait.  (Dkt. 8-2, Pg ID 36-37; Dkt. 8-7, Pg ID 257-63, 383–84, 393-97).  The ALJ concluded that no medical opinion evidence is inconsistent with his finding, and does not suggest greater functional limitations than those found.

Thus, the undersigned finds that the ALJ considered the entire case record, and reviewed and discussed the medical opinions of the examining and consulting physicians in making a reasonable finding that plaintiff was capable of performing sedentary level work.

### 2. The ALJ's credibility assessment is supported by substantial evidence

Plaintiff testified that he suffers from chronic disabling pain in his right knee, and that he requires the use of a cane or wheelchair, can sit for 30 minutes,

walk for 10 to 15 minutes with a cane, lift five to ten pounds, and suffers side effects from his medications that limit his ability to work and drive, including drowsiness, focusing problems, digestive problems and constipation.  (Dkt. 8-2, Pg ID 47-49, 51, 53-56).  The ALJ found, after careful consideration of the evidence, that plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but that plaintiff's subjective complaints were not fully credible to the extent they are inconsistent with the residual functional capacity assessment.

Subjective allegations of disabling pain cannot alone support a finding of disability.  20 C.F.R. § 404.1529(a).  Rather, the presence of an underlying medical condition, which could produce disabling symptoms, satisfies the first prong of the Sixth Circuit standard for evaluating subjective complaints.  *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).  To satisfy the second prong of the test, and prove that his subjective complaints are disabling, plaintiff must present objective medical evidence confirming the severity of the alleged symptoms, or show that the medical condition is of such severity that it could reasonably be expected to produce disabling symptoms. *Duncan*, 801 F.2d at 853. Where, as here, plaintiff's alleged or reported symptoms were found to exceed the expected level of pain and/or dysfunction, the ALJ properly considered other factors relating to the subjective complaints as set forth in 20 C.F.R. § 404.1529

26

and SSR 96-7p.  SSR 96-7p provides, in part that the adjudicator in addition to the objective medical evidence, must consider the following when assessing the credibility of an individual's statements:  (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. "[W]hile the ALJ should consider these factors, he is not required to significantly analyze any of them." *Obuch v. Comm'r of Soc. Sec.*, 2009 WL 877697, at *6 (E.D. Mich. Mar. 30, 2009).  The adjudicator must then evaluate all of this information and draw appropriate inferences and conclusions about the credibility of the individual's statements.  SSR 96-7p.

Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ.  *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).  It is the ALJ's function to determine

27

credibility issues, and the court does not make its own credibility determinations. *See Walters*, 127 F.3d at 528. Further, the court cannot substitute its own credibility determination for the ALJ's. Rather, the court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed[.]" *Kuhn v. Comm'r of Soc. Sec.*, 124 Fed. Appx. 943, 945 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. In reviewing an ALJ's credibility determination, the Court is "limited to evaluating whether or not the ALJ's explanations for partially discrediting [plaintiff] are reasonable and supported by substantial evidence in the record." *Id.* However, in reaching his credibility finding, "there is nothing patently erroneous in the ALJs decision to rely on h[is] own reasonable assessment of the record over the claimant's personal testimony." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009) (citing SSR 96-7p as stating that ALJs may rely on "[s]tatements and reports from the individual and from treating or examining physicians or psychologists and other persons about the individual's medical history" to assess credibility).

In this case, there is ample evidence supporting the ALJ's credibility determination. The ALJ properly noted inconsistencies with plaintiff's testimony

and the record evidence.  Plaintiff alleged disabling side effects from his medications, yet the numerous medical reports reveal that plaintiff did not feel abnormal or impaired from his medication, and the undersigned concludes that there is no evidence in the record that plaintiff ever complained of such side effects.  (Dkt. 8-2, Pg ID 34; Dkt. 8-7, Pg ID 264, 269, 277, 281, 285).  Given his failure to ever make such complaints, the ALJ was entitled to conclude that plaintiff's allegations in this regard were not credible.  *See e.g.*, *Obuch*, 2009 WL 877697, at *6 ("Plaintiff's failure to provide objective medical evidence of his complained drowsiness or any evidence of him having complained of this side effect is fatal to his argument.").  Further, the claimed degree of limitation and severity of pain is inconsistent with plaintiff's consistently reported adequate pain control.  (Dkt. 8-2, Pg ID 34; Dkt. 8-7, Pg ID 279).  And, the ALJ properly noted that Dr. Patel opined that plaintiff was over-reacting from the pain and seemed to be malingering.  (Dkt. 8-7, Pg ID 234-35).  *See Wagner v. Astrue*, 2012 WL 3023266, at *10 (N.D. Ohio July 24, 2012) (ALJ properly considered a treatment note indicating that plaintiff's counsel "questions possible malingering for secondary gain" in assessing plaintiff's credibility).

Plaintiff's testimony that he requires the use of a cane or wheelchair and can walk for only 10 to 15 minutes with a cane is inconsistent with medical records and opinions from treating and examining physicians that plaintiff was not medically

29

required to use a cane for ambulation and that plaintiff could safely ambulate with no cane or one cane. (Dkt. 8-2, Pg ID 35; Dkt. 8-10, Pg ID 714-15, 767). Further, records reveal that plaintiff had little to no difficulty sitting, walking on uneven ground, walking short distances, performing light activities, lifting objects and rising from a sitting to standing position. (Dkt. 8-10, PG ID 746).

Accordingly, the ALJ properly applied the proper standard in evaluating plaintiff's subjective complaints of alleged disabling symptoms. The ALJ's findings regarding a claimant's credibility are to be accorded great weight and deference, particularly because the ALJ is charged with the duty of observing a claimant's demeanor and credibility. *Walters*, 127 F.3d. at 531. The ALJ conducted a thorough evaluation of plaintiff's complaints in light of the objective medical evidence of record, his reported daily activities, and other pertinent factors. Substantial evidence supports the ALJ's determination based on the medical and other evidence of record that plaintiff is not disabled.

### 3. Plaintiff is not entitled to a sentence six remand

Plaintiff requests that this case be remanded under sentence six of section 405(g) for consideration of post-decision evidence he submitted from Dr. Wittenberg as to plaintiff's functional capabilities. (Dkt. 8-10, Pg ID 780-87). Under sentence six of 42 U.S.C. § 405(g), plaintiff has the burden to demonstrate that this evidence is "new" and "material" and that there is "good cause" for failing

to present this evidence in the prior proceeding. *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 598 (6th Cir. 2005). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. "Good cause" is *not* established solely because the new evidence was not generated until after the ALJ's decision; the Sixth Circuit has taken a "harder line" on the good cause test. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 Fed. Appx. 593, 598-99 (6th Cir. 2001). A plaintiff attempting to introduce new evidence must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *see also Brace v. Comm'r of Soc. Sec.*, 97 Fed. Appx. 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing with the ALJ did not establish good cause); *Cranfield v. Comm'r of Sox. Sec.*, 79 Fed. Appx. 852, 859 (6th Cir. 2003). Additionally, in order to establish materiality, plaintiff must show that the introduction of the new evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Sizemore v. Sec. of HHS.*, 865 F.2d 709, 711 (6th Cir. 1988); *Hensley v. Comm'r of Soc. Sec.*, 214 Fed. Appx. 547, 550 (6th Cir. 2007).

As the Commissioner correctly points out, this opinion evidence is not

"new" because plaintiff treated with Dr. Wittenberg on a frequent basis in the months leading up to the August 2010 hearing, and therefore Dr. Wittenberg's opinion was certainly available to plaintiff prior to the hearing.  And, importantly, plaintiff fails to articulate any "good cause" for failing to secure and present the opinion evidence prior to the hearing date.  "A claimant shows good cause by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ."  *Hollon*, 447 F.3d at 485 (quotation marks omitted).  Here, plaintiff merely argued that there is good cause for consideration of the opinion evidence because of the "complexity of the medical condition, the need for heavy narcotic pain medication and multiple surgical procedures," which is wholly insufficient to satisfy the test for remand.  Thus, as the Commissioner argued, "in light of the clear opportunity to obtain such evidence coupled with the absence of any justification, reasonable or otherwise, [p]laintiff has failed to satisfy the 'good cause' requirement."  (Dkt. 14, Pg ID 854).  Finally, plaintiff has not established that Dr. Wittenberg's opinion is "material."  The ALJ thoroughly addressed plaintiff's claims of disabling pain, including the treatment notes from Dr. Wittenberg, in which plaintiff reported that he received good and adequate pain relief with medication, and, in June 2010, reported that he would rate his pain with medication as ranging from two to four on a ten-point scale.  (Dkt. 8-2, Pg ID 34, citing *e.g.*, Dkt. 8-7, Pg ID 264, 269, 277,

283).  A treating source opinion cannot receive controlling weight unless it is well supported.  20 C.F.R. § 404.1527(d)(2).  Dr. Wittenberg's opinion that plaintiff's pain interferes with his attention and concentration frequently to constantly is inconsistent with plaintiff's own response that he "always can" pay attention, (Dkt. 8-6, Pg ID 194), and Dr. Wittenberg offers no explanation how right knee pain would cause limitations in plaintiff's ability to move his head.  Thus, a sentence six remand is not appropriate.

After review of the record, the undersigned concludes that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence.

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 26, 2013                          s/Michael Hluchaniuk
                                              Michael Hluchaniuk
                                              United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>April 26, 2013</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Steven V. Harthorn, Judith E. Levy, AUSA, and Meghan O'Callaghan, Social Security Administration</u>.

s/Tammy Hallwood

Case Manager

(810) 341-7887

tammy_hallwood@mied.uscourts.gov